Gustavo MONTALVO, Plaintiff-Respondent,

v.

U.S. TITLE AND CLOSING SERVICES, LLC,
Defendant-Appellant,†

William M. JUDGE, Charissa J. Carrier,
Carmen Rodriguez, a/k/a Carmen Montalvo,
Jose C. Nanez, Rolando Nanez and
Nanez Enterprises, LLC, Robbins &
Lloyd Mortgage Corporation, Defendants.

Court of Appeals

*No. 2012AP102. Submitted on briefs October 2, 2012.
—Decided December 4, 2012.*

2013 WI App 8

(Also reported in 827 N.W.2d 635.)

† Petition for Review Filed.

653

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Karl J. Yeager* and *Debra J. Weiss* of *Meagher & Greer, PLLP*, of Minneapolis, MN.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William R. Steinmetz* of *Shellow & Shellow, S.C.*, of Milwaukee.

A nonparty brief was filed by *William T. Stuart* and *Thomas M. Hruz* of *Meissner Tierney Fisher & Nichols, S.C.*, of *Milwaukee for the Wisconsin Land Title Association*.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J.    This is an appeal from a judgment of the circuit court whereby U.S. Title and Closing Services (UST) challenges the denial of its motions for summary judgment and judgment notwithstanding the verdict, following a jury trial.[1] The jury found that UST, along with multiple other defendants, conspired to deprive Gustavo Montalvo of his interest, title and

---

[1] The motions for summary judgment were decided by the Honorable Timothy Dugan; the motion for judgment notwithstanding the verdict was decided by the Honorable John Siefert.

rights over property owned by Montalvo and his former wife, Carmen Rodriguez, by forging Montalvo's signature on a quit claim deed transferring his interests to Rodriguez. Montalvo was awarded actual and punitive damages. UST argues that the circuit court erred in denying its motions for summary judgment and judgment notwithstanding the verdict because a divorce judgment obtained by Rodriguez divested Montalvo of all his interests in the real estate. For reasons explained below, we conclude that the circuit court properly denied UST's motions because pursuant to the relevant Wisconsin statutes, the divorce court lacked the appropriate jurisdiction to transfer Montalvo's interests in the subject property because Montalvo was not personally served in the divorce action and did not appear in any proceedings pertaining to the divorce action. Consequently, the circuit court properly refused to order summary judgment dismissing Montalvo's complaint, and properly refused to enter judgment notwithstanding the verdict.

## BACKGROUND

¶ 2.   In 1995, Montalvo and Rodriguez purchased a home at 728 South 29th Street, Milwaukee. Montalvo and Rodriguez were not married at the time, but the property was titled in both names. Montalvo and Rodriguez moved into the home with their two daughters. The couple married in 1999. They continued to live in the subject property until February 2002 when the couple separated. According to Montalvo's complaint, Montalvo moved to New York with one of their daughters, while Rodriguez continued to reside in the Milwaukee home with their other daughter.

¶ 3.   In 2003, Rodriguez, *pro se,* filed for divorce in Milwaukee County. At a default divorce hearing in July

656

2003, Rodriguez told the divorce court that: (1) she attempted to serve Montalvo through the Milwaukee County Sheriff's Department; (2) the sheriff's department was unable to locate Montalvo in Milwaukee County; and (3) she issued a publication summons in the Milwaukee Journal-Sentinel. Rodriguez also indicated that she and Montalvo had been separated since 2002 and that she did not know where he lived. A copy of the summons was therefore not mailed to Montalvo.

¶ 4. It is undisputed that Montalvo did not appear at or participate in any of the divorce proceedings before the default hearing and entry of the divorce judgment. The divorce court explained that because service upon Montalvo was only by publication, it could not change the title on the home so as to make Rodriguez the sole owner:

> [S]ince [service is] by publication, certain orders can't be made. I can't do anything about the real estate today, but you [can] continue to live in it. Nothing has changed.

> Since we do not have service on him except by publication, I can't change the title. Each of them alone will own half of the house. They both own half because that's what they own now.

> The parties are now tenants in common. Regarding the real estate, the Court makes no further order in that regard.

¶ 5. However, despite the divorce court's explanation of its lack of authority to transfer Montalvo's interests in the property, the judgment form titled "Findings of Fact, Conclusions of Law, And Judgment of Divorce" contained the following language:

> The petitioner is awarded the real estate. Two family house at 728 S. 29th St. Milwaukee WI 53204.

657

(Some formatting altered.) The divorce judgment was never recorded.

¶ 6. In 2005, Rodriguez attempted to refinance the mortgage on the property. UST was hired to conduct a title search. Upon conducting the search, UST noted that Montalvo was named as a co-owner of the property, prompting UST to prepare a quit claim deed transferring title to Rodriguez. The deed, dated August 23, 2005, bears what appears to be Montalvo's signature. Rodriguez subsequently refinanced the mortgage multiple times, and eventually sold the property in December 2006.

¶ 7. Montalvo returned to Wisconsin in March 2007 and learned of the default divorce and Rodriguez's refinancings and conveyance of the property. Montalvo moved the divorce court to modify the judgment pursuant to Wis. Stat. § 806.07 (2007–08),[2] to reflect his continued ownership interest in the property. Montalvo asserted that the divorce court lacked *in rem* jurisdiction over Montalvo's property because Montalvo had not been personally served in the divorce proceedings. The divorce court granted Montalvo's motion, modifying the judgment to award Montalvo, jointly with Rodriguez, the proceeds of any sale of the real estate. The litigation that resulted in this appeal followed.

¶ 8. In March 2008, Montalvo brought an action in Milwaukee County Circuit Court seeking damages from UST and other defendants, asserting conspiracy to intentionally harm property interest and slander of title. Montalvo alleged that UST and others conspired to divest his ownership interest in the property by forging his name on the 2005 quit claim deed and then

_____

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

by recording the false deed. UST moved for summary judgment arguing that: (1) UST was not involved in the divorce; (2) the 2003 divorce judgment divested Montalvo of any interest in the property; (3) Montalvo was not damaged by the subsequent recording of the mortgage and deed containing his forged signature; and (4) consequently, Montalvo could not prove damages caused by the conspiracy to slander his title or to defraud him.

¶ 9. The circuit court denied UST's motion, finding that the 2003 judgment was inconsistent with what the divorce court stated on the record, that the divorce judgment did not divest Montalvo of his ownership interest in the property, and that more specific language in the divorce judgment was required to affect Montalvo's ownership interest. UST renewed its motion for summary judgment, however, that motion was also denied.

¶ 10. The case was tried to a jury. The circuit court instructed the jury that the 2003 divorce judgment did not divest Montalvo of his property interests. The jury found that UST engaged in a conspiracy to intentionally harm Montalvo's interest in the property and subsequently assessed both actual and punitive damages.

¶ 11. UST moved for judgment notwithstanding the verdict pursuant to WIS. STAT. § 805.14(5)(b),[3] asserting the same arguments made on its summary judgment motion. In addition, UST argued that punitive damages should not have been sent to the jury. The

---

[3] WISCONSIN STAT. § 805.14(5)(b) provides:

A party against whom a verdict has been rendered may move the court for judgment notwithstanding the verdict in the event that *the verdict is proper but, for reasons evident in the record which bear upon matters not included in the verdict, the movant should have judgment.*

(Emphasis added.)

circuit court denied the motion and ordered entry of judgment on the verdict. This appeal follows.[4]

## DISCUSSION

¶ 12. On appeal, UST reiterates its summary judgment and post-verdict arguments, namely, that the 2003 divorce judgment divested Montalvo of his ownership interests in the property, therefore, UST claims, it was entitled to both summary judgment and judgment notwithstanding the verdict. Because the divorce court lacked the appropriate jurisdiction to transfer Montalvo's ownership interests in the property to Rodriguez, we conclude that UST was not entitled to either summary judgment or judgment notwithstanding the verdict.

### *Standard of Review.*

¶ 13.  Summary judgment is proper if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). In reviewing the grant or denial of a summary judgment, we apply the same methodology as the circuit court and review *de novo* the grant or denial of summary judgment. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987).

¶ 14.  A motion for judgment notwithstanding the verdict under WIS. STAT. § 805.14(5)(b) does not challenge the sufficiency of the evidence to support the facts

---

[4] UST does not argue the issue of punitive damages. Thus, that issue has been abandoned. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

found in the verdict, rather it asserts that for other reasons the facts found in the verdict are not legally sufficient to permit recovery. *Stehlik v. Rhoads*, 2002 WI 73, ¶ 18, 253 Wis. 2d 477, 645 N.W.2d 889. Review of a judgment notwithstanding the verdict is a question of law that is reviewed *de novo. Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 177, 557 N.W.2d 67 (1996).

¶ 15.   To determine the extent of the divorce court's authority we interpret and apply the relevant statutes. This is a question of law that we review *de novo. See Frisch v. Henrichs*, 2007 WI 102, ¶ 29, 304 Wis. 2d 1, 736 N.W.2d 85. The purpose of statutory construction is to ascertain the intent of the legislature, and our first step is to review the statutory language itself. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998). When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation, but as part of a whole in relation to the language of surrounding or closely-related statutes, and reasonably so as to avoid absurd or unreasonable results. *Id.*, ¶ 46.

### *Jurisdiction to transfer inte rest in real estate in a divorce.*

¶ 16.   WISCONSIN STAT. § 767.01(1)[5] allows the circuit court to exercise jurisdiction in actions affecting

---

[5] WISCONSIN STAT. § 767.01(1) provides:

the family only "as provided under ch. 801." Wisconsin Stat. § 801.04 explains that a court having subject matter jurisdiction must also have personal jurisdiction over a party prior to rendering a judgment, and that the court may enter judgment *in rem* or *quasi in rem* upon a property. §§ 801.04(2)-(3).

¶ 17. With regard to personal jurisdiction, Wis. Stat. § 801.04(2) explains:

> A court of this state . . . may render a judgment *against a party personally* only if there exists one or more of the jurisdictional grounds set forth in s. 801.05 . . . and in addition . . . **(a)** A summons is served upon the person pursuant to s. 801.11.

(Emphasis added; some formatting altered.) Wisconsin Stat. § 801.05 explains the factual grounds for personal jurisdiction. As relevant to this case, the statute provides:

> A court of this state having jurisdiction of the subject matter has *jurisdiction over a person served in an action pursuant to s. 801.11* under any of the following circumstances:
>
> **(1)** Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:
>
> **(a)** Is a natural person present within this state when served; or
>
> **(b)** Is a natural person domiciled within this state; or

---

The circuit courts have jurisdiction of all actions affecting the family . . . and to carry their orders and judgments into execution as prescribed in this chapter. Except as provided in subs. (2) and (2m), *jurisdiction may be exercised as provided under ch. 801.*

(Emphasis added.) The two exceptions provided by the statute are not relevant to this appeal.

. . . .

**(d)** Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

(Emphasis added.)

■

¶ 18. The record before us establishes that Montalvo (a natural person) was not personally served with the divorce summons and petition within this state. Rodriguez told the court in July 2003, that she last saw Montalvo in Wisconsin in February 2002. She said she did not know where he lived. The record contains no facts that would support a finding that at the time of commencement of the divorce Montalvo was "domiciled"[6] in Wisconsin, or that he was "engaged in substantial and not isolated activities within the state." No grounds for personal jurisdiction over Montalvo under WIS. STAT. § 801.05 are apparent from the record.

¶ 19. With regard to *in rem* or *quasi in rem* jurisdiction, WIS. STAT. § 801.04(3) provides:

A court of this state . . . may render a judgment in rem or quasi in rem *upon a status or upon a property or other thing* pursuant to s. 801.07 and the judgment in such action may affect the interests in the status, property or thing *of all persons served pursuant to s. 801.12.*

(Emphasis added.)

¶ 20. WISCONSIN STAT. § 801.07 prescribes how *in rem* or *quasi in rem* jurisdiction may be invoked. As relevant to this appeal, the statute provides:

---

[6] "Domicile" is defined as "a person's true, fixed principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere." BLACK'S LAW DICTIONARY 523 (8th ed. 2004).

A court of this state having jurisdiction of the subject matter may exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. *A judgment in rem or quasi in rem may affect the interests of a defendant* in the status, property or thing acted upon *only if a summons has been served upon the defendant pursuant to s. 801.12.* Jurisdiction in rem or quasi in rem may be invoked in any of the following cases:

. . . .

**(5)** *When the action is an action affecting the family* under s. 767.001 (1) (a) to (d) and when the residence requirements of s. 767.301 have been met, *a court* having subject matter jurisdiction *may exercise jurisdiction quasi in rem to determine questions of status if the respondent has been served under s. 801.11 (1).* Notwithstanding s. 801.11, the court need not have grounds for personal jurisdiction under s. 801.05 in order to make a determination of the status of a marriage under this subsection.

(Emphasis added.)

¶ 21.   Considering WIS. STAT. ch. 801 as a whole, it is apparent that the legislature intended to empower the courts with the authority to determine the status of a marriage even if personal jurisdiction over one of the parties is lacking. In 2001, the legislature passed 2001 Wis. Act. 42, adding the following sentence to WIS. STAT. § 801.07(5):

Notwithstanding s. 801.11 (intro.), the court need not have grounds for personal jurisdiction under s. 801.05 in order to make a determination of the status of a marriage under this subsection.

*See* 2001 Wis. Act 42, § 1; WIS. STAT. § 801.07(5). The legislature added the language perhaps in response to

664

our decision in *Mendez v. Hernandez-Mendez*, 213 Wis. 2d 217, 570 N.W.2d 563 (Ct. App. 1997), in which we held that the introductory language of WIS. STAT. § 801.11 requires a showing of grounds for personal jurisdiction even when only *quasi in rem* relief is being sought, such as a divorce. It is significant that the legislature chose not to remove the requirement of personal jurisdiction for determinations involving other property or status subject to jurisdiction under WIS. STAT. § 801.07. Had the legislature intended to remove the requirement of personal jurisdiction for divorce decisions involving property, it could have written the 2001 amendment more expansively. Our reading of the narrow exception the legislature created is consistent with rules of statutory construction. Under the doctrine of *expressio unius est exclusio alterius,* " 'the express mention of one matter excludes other similar matters [that are] not mentioned.' " *FAS, LLC v. Town of Bass Lake*, 2007 WI 73, ¶ 27, 301 Wis. 2d 321, 733 N.W.2d 287 (citation omitted; brackets in *FAS*).

¶ 22.  WISCONSIN STAT. § 801.12 limits the methods of acceptable service in *in rem* or *quasi in rem* actions depending on whether the defendant is known (presumably to the party trying to invoke jurisdiction) or unknown:

> **(1)**  A court of this state exercising jurisdiction in rem or quasi in rem pursuant to s. 801.07 may *affect the interests of a defendant* in such action *only if a summons and* either *a copy of the complaint* or a notice of the object of the action under sub. (2) *have been served upon the defendant as follows:*
>
> **(a)** *If the defendant is known,* defendant may be *served in the manner prescribed for service of a summons in s. 801.11,* but service in such a case *shall not bind the*

665

*defendant personally* to the jurisdiction of the court *unless some ground for the exercise of personal jurisdiction exists.*

**(b)** *If the defendant is unknown* the summons *may be served by publication* thereof as a class 3 notice, under ch. 985.

(Emphasis added.) Thus *in rem* jurisdiction may be obtained by publication only if the defendant is unknown. § 801.12(1)(b). Montalvo's identity was obviously known to his wife, thus service by publication without more, was insufficient to give the divorce court *in rem* jurisdiction. Moreover, under § 801.12(1)(a), a defendant whose name is known—as Montalvo's obviously was to his wife—is properly served "only if" a summons and a copy of the complaint are served as required by WIS. STAT. § 801.11,[7] and, "some ground for the exercise of personal jurisdiction exists." WIS. STAT. § 801.12(1)(a). Thus assuming (but not deciding) that service of only the summons by publication satisfied

---

[7] WISCONSIN STAT. § 801.11 provides:

A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

**(1)** NATURAL PERSON. Except as provided in sub. (2) upon a natural person:

**(a)** By personally serving the summons upon the defendant either within or without this state.

**(b)** If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode:

**1.** In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof;

**1m.** In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

Wis. Stat. § 801.11(c), Wis. Stat. § 801.12(1)(a) still requires a factual basis for personal jurisdiction under Wis. Stat. § 801.05. As we have seen, the record here does not support a finding of any of the grounds for personal jurisdiction over Montalvo.

¶ 23.  We feel obliged to comment on UST's argument that the divorce judgment itself divested Montalvo of his interest in the Property. We consider the argument disingenuous at best in view of UST's documents in the record. The divorce occurred in July 2003. On June 23, 2004, a UST employee issued a document titled "Commitment #23581" stating:  "Fee Simple interest in the land described in this Commitment is owned, at the Commitment Date, by Carmen Montalvo fka Carmen Rodriguez aka Carmen N. Rodriguez *and Gustavo Montalvo aka Gustavo Montalvo-Oliva.*" (Emphasis added.) Any claim that UST relied on the divorce judgment is belied by their own documents. The lack of candor with the circuit court and this court which the argument demonstrates is at the very least unfortunate.

## CONCLUSION

¶ 24.  We conclude that UST was properly denied summary judgment and judgment notwithstanding the

---

**2.** Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

**(c)** If with reasonable diligence the defendant cannot be served under par. (a) or (b), *service may be made by publication* of the summons as a class 3 notice, under ch. 985, *and by mailing.* If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. *The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.* (Emphasis added.)

verdict because the divorce court had no jurisdiction to affect Montalvo's interest in the property. Despite service by publication, the record does not contain any facts from which we can conclude that the court also obtained personal jurisdiction over Montalvo. Personal jurisdiction in fact, in addition to statutorily acceptable service, are conditions precedent to the exercise of jurisdiction *in rem* or *quasi in rem* upon a status or upon a property. We affirm.

*By the Court.*—Judgment affirmed.